IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THE BANK OF BEAVER CITY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:10CV3209 |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM AND ORDER |
| SOUTHWEST FEEDERS, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter if before the court on the defendant's Motion to Change Place of Trial (filing no. 18) from Lincoln, Nebraska to North Platte, Nebraska.  For the reasons set forth below, the defendant's motion is granted.


BACKGROUND


The plaintiff filed its complaint on October 26, 2010 and pursuant to NECivR 40.1(b), requested that the trial take place in Lincoln, Nebraska.  Filing No. 1.  The plaintiff in this action is "a state-chartered bank organized and existing under the laws of the State of Oklahoma with its principal place of business in Beaver, Oklahoma." Filing No. 1, ¶ 1. The defendant is Nebraska limited liability company "organized and existing under the laws of the State of Nebraska with its principal place of business in Hayes County, Nebraska." Filing No. 1, ¶ 2.


ANALYSIS


In deciding the place of trial "the judge shall consider the convenience of litigants, witnesses and counsel." NECivR. 40.1(b)(1).  In support of its motion, the defendant asserts that Hayes Center, Nebraska is its principal place of business and sole operating location.

Filing No. 20, ¶ 2. Hayes Center is 67 miles from North Platte and approximately 273 miles from Lincoln, Nebraska. Filing No. 20, ¶ 4. The defendant further asserts that its representatives, many of whom will likely be called to testify at trial, live in or around Hayes Center, Nebraska. Filing No. 20, ¶ 2. Therefore, the defendant claims its witnesses can conveniently travel to North Platte, but a trial in Lincoln would impose significantly greater expenses for travel and overnight lodging on the defendant, its representatives and its counsel. Filing No. 20, ¶ 5. Additionally, the defendant contends its business records are stored in its facilities in and around Hayes Center or are currently in the possession of its counsel in North Platte, and they would be more easily accessible at a trial located in North Platte. Filing No. 20, ¶ 2. Finally, defendant's retained counsel is located in North Platte.

The plaintiff argues that although it has no real connection with the state of Nebraska, because Lincoln offers more "travel and lodging options" the trial should remain in Lincoln. Filing No. 26. However, the plaintiff candidly acknowledges neither location will be particularly convenient. Filing No. 26. Plaintiff's counsel is from Lincoln.[1]

If the plaintiff uses air travel, it may be somewhat inconvenienced by a North Platte trial location.[2] However, on balance, that inconvenience is outweighed by the inconvenience the defendant will incur if the case is tried in Lincoln. The defendant and the majority of its witnesses are located or reside only 67 miles from North Platte, limiting the necessity of overnight stays and extensive travel if the trial is moved to North Platte. Accordingly,

---

[1]A third-party complaint has been filed against Lucky Moon Land & Livestock, Inc., Jon Dane Morris, and Misty Morris (filing no. 14). They have yet to file an appearance in this matter and have not submitted an argument on the issue now before the court. In any event, the third-party defendants are residents of Oklahoma. The court has no reason to believe that a trial in North Platte will be more inconvenient to the third-party defendants than a trial held in Lincoln.

[2]The court notes that Beaver City, Oklahoma is approximately 50 miles closer to North Platte than it is to Lincoln.

IT IS ORDERED that the defendant's Motion to Change Place of Trial (filing no. 18) is granted and the place of trial is changed to North Platte, Nebraska.

DATED this 13th day of January, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.